UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| PHARR SAN JUAN ALAMO, INDEPENDENT SCHOOL DISTRICT, § § § § Plaintiff, § § VS. § TEXAS DESCON, L.P., DESCON 4S, § L.L.C., ERO INTERNATIONAL, L.L.P. § D/B/A ERO ARCHITECTS, FRANK LAM § & ASSOCIATES, INC., AND GREAT § NORTHERN INSURANCE COMPANY § § Defendants. § | Civil Case No. 15-CV-00465 |

**DEFENDANT GREAT NORTHERN INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Great Northern Insurance Company ("Great Northern") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Southern District of Texas, from the 389th Judicial District Court of Hidalgo County, Texas, and for its Notice of Removal states:

**REMOVAL JURISDICTION**

1. This action, entitled *Pharr San Juan Alamo Independent School District. v. Texas Descon, L.P., Descon 4S, L.L.C., ERO International, L.L.P. d/b/a ERO Architects, Frank Lam & Associates, Inc., and Great Northern Insurance Company,* pending in the 389th Judicial District

Court of Hidalgo County, Texas, Cause No. C-5149-14-H , was commenced against Great Northern Insurance Company via the filing of Plaintiff's Third Amended Original Petition on October 13, 2015.

2. Great Northern agreed to accept service of the citation and Third Amended Original Petition via service on its attorney of record, Jennifer G. Martin, on October 13, 2015. Accordingly this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3. Plaintiff sues Defendants Texas Descon, L.P., Descon 4S, L.L.C., ERO International, L.L.P. d/b/a ERO Architects, and Frank Lam & Associates, L.P. (collectively referred to as the "Construction Defendants"), asserting causes of action for breach of contract, negligence, negligent misrepresentation, and gross negligence, arising out of work performed by the Construction Defendants in connection with a demolition, remodeling and construction project undertaken by the Construction Defendants. *See* Plaintiff's Third Amended Original Petition at 2-8.

4. Plaintiff alleges causes of action against Great Northern for negligence, negligent misrepresentation, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing arising out of Great Northern's handling of a claim made by Plaintiff arising out of damage occurring during the demolition project undertaken by the Construction Defendants. *See* Plaintiff's Third Amended Original Petition at 8-11. Plaintiff sues Great Northern for damages, including actual damages, punitive damages, reasonable attorney's fees, court costs, pre-judgment interest, post-judgment interest, and any other and further damages at law or in equity to which it may show itself to be justly entitled. *See* Plaintiff's Third Amended Original at 8-14.

5. Plaintiff is a Texas resident. *See* Plaintiff's Third Amended Original Petition at 2. Great Northern is an Indiana corporation with its principal place of business in New Jersey. The Construction Defendants have been improperly joined and their citizenship should be disregarded

for the purposes of determining diversity jurisdiction. Thus, removal is proper because there is complete diversity between the properly-named parties under 28 U.S.C. § 1332.

6.      The proposition of ignoring improperly joined parties when considering jurisdiction in the context of removal is well recognized. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of plaintiff's case." *Smallwood v. Ill.Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). The Fifth Circuit has expressly recognized improper joinder in cases of "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* Courts in this Circuit have recognized the Fifth Circuit's tacit approval of fraudulent misjoinder as a basis for removal. *See Centaur's Unity v. Lexington Ins. Co.*, 766 F. Supp. 780, 789 (S.D. Tex. 2011) (noting the Fifth Circuit "has acknowledged that fraudulent misjoinder of either defendants or plaintiffs is not permissible to circumvent diversity jurisdiction") (citing *Benjamin Moore & Co.,* 318 F. 31 (5th Cir. 2002); *Palos v. Vick*, SA-13-CV-805-XR, 2013 WL5740287, at *2 (W.D. Tex. Oct. 22, 2013); *Nava v. One Beacon Am. Ins. Co.*, EP-10-CV-478-KC, 2011 WL976506, at *2 (W.D. Tex. Mar. 15, 2011); *Tex. Instruments, Inc. v. Citigroup Global Mkts. Inc.*, 266 F.R.D. 143, 147 (S.D. Tex. 2010); *Wells Fargo Bank, N.A. v. Am. Gen. Life. Ins.*, 670 F. Supp. 2d 555, 562 (N.D. Tex. 2009). The principles of fraudulent misjoinder prevent plaintiffs from improperly joining claims to avoid diversity jurisdiction. *See Struder v. State Farm Lloyds*, 2013 U.S. Dist. LEXIS 183915, *10 (E.D. Tex. Dec. 18, 2013) ("Merely lumping diverse and non-diverse defendants together in an undifferentiated

liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant.") (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

6. Both federal and Texas law require "(1) 'there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences' **and** (2) 'any question of law or fact common to all defendants will arise in the action.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (quoting Fed. R. Civ. P 20(a) and citing Tex. R. Civ. P. 40(a)) (emphasis added). "If these requirements were not met, joinder was improper **even if there was no fraudulent joinder** and the heirs could recover against each defendant." *Id*. (emphasis added). As the *Crockett* court observed, the diversity statute turns on the citizenship of **properly** joined parties rather than "nonfraudulently joined" parties. *Id*. at 533 n 7 (citing 28 U.S.C. §1441(b): "A civil action otherwise removable solely on the basis of the jurisdiction under [28 USCS § 1332(a)] may not be removed if any of the parties in interest **properly joined** and served as defendants is a citizen of the State in which such action is brought." (emphasis added)).

7. Plaintiff's claims against Great Northern for alleged wrongful denial of policy benefits have no real connection to Plaintiff's claims against the Construction Defendants arising out of the demolition project. Plaintiff does not make claims against Great Northern jointly, severally, or in the alternative, with any right to relief asserted against the Construction Defendants. The causes of action alleged against Great Northern do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims made against the Construction Defendants. The causes of action pleaded against Great Northern do not share any question of law

or fact common to the claims made against the Construction Defendants. Accordingly, the Court should disregard the Construction Defendants' citizenship for purposes of determining diversity jurisdiction.

8. Plaintiff asserts damages for actual, punitive, and exemplary damages in excess of $75,000.00. Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division.

10. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Great Northern in the state court action are attached to this notice. *See* Exhibit A.

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 389th District Court of Hidalgo County, Texas.

12. Pursuant to Federal Rule of Civil Procedure 38, Great Northern demands a trial by jury.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Great Northern respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Great Northern further request any additional relief to which it may be justly entitled.

        Respectfully submitted,

        **/s/ Jennifer G. Martin**
        **JENNIFER G. MARTIN**
          Texas State Bar No. 00794233
          S.D. Tex. Bar No.   20770

        **SCHELL COOLEY LLP**
        15455 Dallas Parkway, Suite 550
        Addison, Texas  75001
        (214) 665-2000
        (214) 754-0060 – Fax
        Email: jmartin@schellcooley.com
        **ATTORNEYS FOR GREAT NORTHERN INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this the **6th** day of **November, 2015**:

Jesus Ramirez
Email: ramirezbook@gmail.com
Robert Schell
Email: robert_schell@hotmail.com
The J. Ramirez Law Firm
Attorneys at Law
Ebony Park, Suite B
700 North Veterans Boulevard
San Juan, Texas 78589

Spencer Edwards
Email: sedwards@hudgins-law.com
The Hudgins Law Firm
A Professional Corporation
24 Greenway Plaza, Suite 2000
Houston, Texas 77046

David P. Benjamin
Email: dbenjamin@benlawsa.com
Benjamin, Vana, Martinez & Biggs, LLP
2161 NW Military Highway, Suite 111
San Antonio, Texas 78213

Matthew B. Cano
Email: mbc@aaplaw.com
S.W. "Whitney" May
Email: swm@aaplaw.com
Allensworth and Porter, L.L.P.
100 Congress Avenue, Suite 700
Austin, Texas 78701

                                                 **/s/ Jennifer G. Martin**
                                                 Jennifer G. Martin