Electronically Filed
5/14/2015 12:32:28 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

**CBY**

**COKINOS BOSIEN & YOUNG**
*Attorneys at Law*

BRIAN D. METCALF
bmetcalf@cbylaw.com

10999 West IH-10
Suite 800
San Antonio, Texas 78230

210.293.8700
Fax: 210.293.8733
www.cbylaw.com

May 14, 2015

*Electronically Filed*
Ms. Laura Hinojosa
District Clerk of Hidalgo County
100 N. Closner
Edinburg, Texas 78539

*Electronically Filed*
Ms. Louisa Pearson
Court Coordinator, 389th District Court
100 N. Closner
Edinburg, Texas 78539

Re:   Cause No. C-5143-14-H; *Pharr San Juan Alamo ISD v. Texas Descon, L.P., Descon 4S, LLC, ERO International, LLP d/b/a ERO Architects, and VCI Builders, Inc.*; In the 389th Judicial District Court of Hidalgo County, Texas

Dear Ms. Hinojosa and Ms. Pearson:

Our firm, Cokinos Bosien & Young, is no longer involved in this case. Please remove Brian D. Metcalf and Stephanie O'Rourke from your service list for future notices and orders from the Court.

By copy of this letter, I am making the same request of counsel and Ms. Luisa Pearson, the Court Coordinator.

Thank you for your courtesies.

Yours truly,

COKINOS, BOSIEN & YOUNG

Brian D. Metcalf

BDM/jak
G:\WPDOCS\BDM\Ltr to Hidalgo Clerk remove us from service.docx

Houston   713.535.5500   •   Dallas-Ft. Worth   817.635.3600
A Professional Corporation

Electronically Filed
5/14/2015 12:32:28 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

Ms. Laura Hinojosa
Ms. Louisa Pearson
May 14, 2015
Page 2

cc:     SEdwards@hudgins-law.com
        Spencer Edwards

        Sweiss@hudgins-law.com
        Stephanie Weiss

        mbc@aaplaw.com
        Matthew Cano

        dbenjamin@benlawsa.com
        David Benjamin

        cmcmillan@benlawsa.com
        Christopher McMillan

        SVickrey@benlawsa.com
        Shell Vickrey

        JRamirez@rg-legal.com
        Jesus Ramirez

        BWix@benlawsa.com
        Brenda Wix

        JRamirezbook@gmail.com
        Jesus Ramirez

        NRR@aaplaw.com
        Nikki Rusch

        maryq@floresandtorresllp.com
        David Flores

        SWM@aaplaw.com
        Sara Whittington

        PHuerta@rg-legal.com
        Patty Huerta

        Robert_Schell@hotmail.com
        Robert Schell

Electronically Filed
5/12/2015 12:54:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

NO. C-5149-14-H

| | | |
|---|---|---|
| PHARR SAN JUAN ALAMO | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| TEXAS DESCON, L.P., DESCON 4S, | § | |
| LLC, ERO INTERNATIONAL, LLP, | § | |
| D/B/A ERO ARCHITECTS, and VCI | § | |
| BUILDERS, INC. | § | |
| Defendants. | § | OF HIDALGO COUNTY, TEXAS |

## ORDER SUSTAINING
## DEFENDANT'S SPECIAL EXCEPTION TO
## PLAINTIFF'S PETITION

On _____, the Court considered the Defendant's Special

Exception to Plaintiff's Petition and the arguments of counsel.  After due consideration, the

Court orders the following:

Defendant's objection that Plaintiff's allegations are too general is sustained and Plaintiff

is ordered to replead.


SIGNED on _____, 2015.


_____

JUDGE PRESIDING


ramirezbook@gmail.com robert_schell@hotmail.com
bbenjamin@benlawsa.com svickery@benlawsa.com
swm@aaplaw.com sedwards@hudgins-law.com
veronicav@floresandtorres.com

Electronically Filed
5/12/2015 12:54:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

NO. <u>C-5149-14-H</u>

| | | |
|---|---|---|
| PHARR SAN JUAN ALAMO | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| TEXAS DESCON, L.P., DESCON 4S, | § | |
| LLC, ERO INTERNATIONAL, LLP, | § | |
| D/B/A ERO ARCHITECTS, and VCI | § | |
| BUILDERS, INC. | § | |
| Defendants. | § | OF HIDALGO COUNTY, TEXAS |

## <u>ORDER SETTING HEARING</u>

The above and foregoing Defendant's Special Exceptions and Motion To Dismiss, having

been presented and duly considered, the court is of the opinion that a hearing on same is

necessary.

**IT IS THEREFORE ORDERED** that said hearing is set on _____**June 3, 2015**_____

at _____**9:00 a.m.**_____, in the 389TH Judicial District Court of HIDALGO County,

Texas.

**SIGNED** on _____**5/13/2015**_____, ~~2015.~~

_____

JUDGE PRESIDING

ramirezbook@gmail.com robert_schell@hotmail.com
bbenjamin@benlawsa.com svickery@benlawsa.com
swm@aaplaw.com sedwards@hudgins-law.com
veronicav@floresandtorres.com

Electronically Filed
5/12/2015 12:54:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

CAUSE NO. <u>C-5149-14-H</u>

| | | |
|---|---|---|
| PHARR SAN JUAN ALAMO | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| TEXAS DESCON, L.P., DESCON 4S, | § | |
| LLC, ERO INTERNATIONAL, LLP, | § | |
| D/B/A ERO ARCHITECTS, and VCI | § | |
| BUILDERS, INC. | § | |
| | § | |
| Defendants. | § | OF HIDALGO COUNTY, TEXAS |

<u>THIRD PARTY DEFENDANT'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND
MOTION TO DISMISS BASELESS CAUSE OF ACTION</u>

**NOW COMES** Third Party Defendant, VCI BUILDERS, INC, named Defendant in the above-entitled and numbered cause, and files this Original Answer, Special Exceptions, and Motion to Dismiss Baseless Cause of Action, and shows the Court:

**SPECIAL EXCEPTION**

1.      Defendant submits the following exception to Plaintiff's Petition:

a.      Plaintiff, Pharr San Juan Alamo Independent School District (PSJA), filed suit against Defendants, Texas Descon, L.P., Descon 4S, L.L.C., and ERO International, L.L.P., d/b/a ERO Architects, alleging Defendants' caused damage to the project during the demolition phase and improperly installed flooring.  Defendants', Texas Descon, L.P. and Descon 4S, L.L.P., filed their Third Party Petition against VCI BUIILDERS, INC, (VCI) alleging that the damages alleged by PSJA, if any, were proximately caused by VCI.  Third Party Plaintiffs do not identify any actions and/or omissions of Third Party Defendant VCI which caused and/or contributed to the damages alleged.  Third Party Plaintiffs' allegations are so general that Defendant does not have fair notice of the

Electronically Filed
5/12/2015 12:54:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

claim.

## GENERAL DENIAL

2.    Defendant denies each and every allegation of Third Party Plaintiff's Original

Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### MOTION TO DISMISS BASELESS CAUSE OF ACTION

3.    Third Party Plaintiffs' cause of action has no basis in fact.  Plaintiff, PSJA, filed

suit against Texas Descon, L.P., and Descon 4S L.L.C., in part, because portions of the main

school building not designated for demolition, collapsed.  *See* Exhibit A.  Third Party

Plaintiffs', Texas Descon, L.P., and Descon 4S, L.L.C., allege that any damage caused during

demolition at the Project site was caused by Chacho's Recycling and/or VCI Builders, Inc. *See*

Exhibit B, p. 3, ¶ 7-8.

4.    These allegations provide no basis in fact for this cause of action because VCI

was contracted to provide demolition services at the project site subsequent to the collapse of the

building.  *See* Exhibit "C".  Specifically, VCI was hired to perform *select demolition of the*

*existing building that has collapsed…Remove all collapsed concrete roof and floor slab… See*

Exhibit "C".  Accordingly, these allegations provide no basis in fact for this cause of action

because no reasonable person could believe that VCI could be responsible for the collapse of a

building that occurred prior to their involvement with the project.

5.    **Attorney's Fees and Costs**.  As a result of Third Party Defendants' allegation of

a baseless cause of action, Third Party Defendant, VCI Builders, Inc., is entitled to recover all

costs and reasonable and necessary attorney fees under Texas Civil Procedure Rule 91a.7.  VCI

has incurred and will continue to incur reasonable and necessary attorney's fees in defense of

Electronically Filed
5/12/2015 12:54:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

this matter.

## PRAYER

Defendant prays the Court, will sustain the exception to the Third Party Petition and order Third Party Plaintiffs' to replead and after notice and hearing or trial, enters judgment in favor of Defendant, awards Defendant the costs of court, attorney's fees, and such other and further relief as Defendant may be entitled to in law or in equity.

Respectfully submitted,

FLORES & TORRES

By: _____

David L. Flores
Texas Bar No. 24040909
Email: rosieo@floresandtorresllp.com
118 E. Cano St.
Edinburg, Texas 78539
Tel. (956) 287-9191
Fax. (956) 287-9190
Attorney for Defendant
VCI BUILDERS, INC

Electronically Filed
5/12/2015 12:54:22 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 11, 2015, a true and correct copy of Third Party Defendant's Answer, Special Exceptions, and Motion to Dismiss Baseless Cause of Action via e-filing and facsimile to each person listed below:

David L. Flores

**<u>Via Email: ramirezbook@gmail.com</u>**
**<u>Via Email: robert_schell@hotmail.com</u>**
**<u>Via Facsimile: (956) 502-5007</u>**
Jesus Ramirez
The J. Ramirez Law Firm
700 Veterans Blvd., Suite B
San Juan, Texas 78589
Attorney for PHARR SAN JUAN ALAMO INDEPENDENT SCHOOL DISTRICT

**<u>Via Email: bbenjamin@benlawsa.com</u>**
**<u>Via Email: svickery@benlawsa.com</u>**
**<u>Via Facsimile: (210) 881-0668</u>**
David P. Benjamin
Benjamin, Vana, Martinez & Biggs, LLP
2161 NW Military Highway, Suite 111
San Antonio, Texas 78213

**<u>Via Email: swm@aaplaw.com</u>**
**<u>Via Facsimile: (512) 708-0519</u>**
Sara Whittington May
Allensworth & Porter, LLP
100 N. Congress Avenue, Suite 100
Austin, Texas 78701

**<u>Via Email: sedwards@hudgins-law.com</u>**
**<u>Via Facsimile: (713) 623-2793</u>**
SPENCER EDWARDS
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Attorney for DESCON 4S, LLLC and TEXAS DESCON, L.P.

THE STATE OF TEXAS        §
                             §       **VERIFICATION**

COUNTY OF HIDALGO      §

BEFORE ME, the undersigned authority, personally appeared JOSE L. ARREDONDO, JR., President, VCI Building, Inc. who stated, upon his oath, that the statements contained in the foregoing: **THIRD PARTY DEFENDANT'S ORIGINAL ANSWER, SPECIAL EXCEPTIONS, AND MOTION TO DISMISS BASELESS CAUSE OF ACTION** are within his personal knowledge and are true and correct.

_____
JOSE L. ARREDONDO, JR.

SUBSCRIBED AND SWORN TO BEFORE ME on this the 11____ day of May 2015.

_____
Notary Public in and for the State of Texas

My Commission expires: _Aug 23, 2015_

ROSABEL OLIVEIRA
Notary Public, State of Texas
My Commission Expires
August 23, 2015

# Exhibit "A"

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

CAUSE NO. C-5149-14-H

| | | |
|---|---|---|
| PHARR SAN JUAN ALAMO | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | HIDALGO COUNTY, TEXAS |
| TEXAS DESCON, L.P., DESCON 4S, | § | |
| L.L.C. and ERO INTERNATIONAL, | § | |
| L.L.P. d/b/a ERO ARCHITECTS | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES, Pharr San Juan Alamo Independent School District, Plaintiff

herein, complaining of Texas Descon, L.P., Descon 4S, L.L.C., and ERO International,

L.L.P., d/b/a ERO Architects, and would show the Court as follows:

### I.

Plaintiff intends to conduct discovery under Level 2 pursuant to Texas Rules of

Civil Procedure 190.2.

### II.
### Jurisdiction and Venue

Venue is proper in Hidalgo County, Texas, as all or a substantial part of the acts

or omissions giving rise to this cause of action occurred there.  Tex. Civ. Prac. & Rem.

Code, Section 15.002(a)(1).

### III.
### Parties

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-5149-14-H

Plaintiff is Pharr San Juan Alamo Independent School District, a public independent school district and a political subdivision, duly formed and existing under the laws of the State of Texas, based in Hidalgo County, Texas.

Defendant is Texas Descon, L.P., a business entity with its principal office located in McAllen, Hidalgo County, Texas.  It may be served through its registered agent for process, Michael D. Smith, at 5801 N. 10th Street, Suite 500, McAllen, Texas 78504.

Defendant is Descon 4S, L.L.C., a business entity with its principal office located in McAllen, Hidalgo County, Texas.  It may be served through its registered agent for process, Michael D. Smith, at 5801 N. 10th Street, Suite 500, McAllen, Texas 78504.

Defendant is ERO International, L.L.P.  d/b/a ERO Architects, a business entity with its principal office located in McAllen, Texas.   It may be served through any adult person authorized to accept service on behalf of ERO International, L.L.P. at 300 South 8th Street, McAllen, Texas 78501.

## IV.
### Facts

On or about February, 2008, the governing board of Pharr San Juan Alamo Independent School District (hereinafter, "Plaintiff" or "the District") authorized a preliminary investigation and assessment into the feasibility of upgrading and/or renovating existing structures at the District's Memorial Middle School campus in Pharr, Texas.   One of the buildings considered for renovations and/or upgrades was a three-story main building, constructed in 1915 or 1918 with subsequent remodeling and/or

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-5149-14-H

additions in 1976 and 1986.   Other buildings considered for renovation included a building used for textbook storage and a building used as a band hall, both originally constructed sometime in the 1940's.

On or about February 22, 2008, a Houston-based firm of consulting engineers, Terracon, published its report of an on-site property condition assessment and inspection of the buildings considered for renovations/upgrades.  Terracon's assessment was based upon visual inspection of the property, some construction drawings relating to alteration and remodeling projects, as well as interviews with the District's construction manager, Mr. Ray Sanchez and Mr. Eli Ochoa, P.E., A.I.A., an engineer working for Defendant ERO International, L.L.P., an architectural firm (hereinafter, "Defendant" or "ERO"). The Terracon report concluded that the buildings were in "fair to poor condition" and recommended that a detailed investigation of the foundation and structural framing be conducted by a qualified structural engineer to ascertain the viability of future renovations of the buildings.  The Terracon report further noted that during inspection they discovered water ponding in the basement floor.

On or about March 3, 2008, Defendant ERO completed its own inspection of the existing structures at Memorial Middle School.   ERO's report of its inspection noted various problems with the existing structures and the site, including large amounts of standing water and needed repairs or upgrades to the roofing system and exterior walls. The report ultimately recommended that the District should replace the campus rather than proceed with renovations and upgrades, and cautioned that major transformations, such as an evisceration of interior components for structural repairs to the foundation, sub-flooring and walls would be necessary if the District proceeded with renovations.

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-5149-14-H

Nevertheless, on the basis of subsequent representations from Defendant ERO that it would be safe, feasible and economically practicable to proceed, the governing board of the District authorized the renovation/upgrade project ("the Project"), to be completed in two phases. Phase I would be the upgrade/renovation and adaptive reuse of the three story main building ("Main Building") and Phase II would be the upgrade/renovation and adaptive reuse of the band hall and textbook storage building.

Defendant Texas Descon, L.P. through its general partner Descon 4S, L.L.C. (collectively, the "Descon Defendants") executed a contract as the General Contractor on the Project on or about May 4, 2010. Defendant ERO executed a contract as the Architect on the Project, on or about May 26, 2010.

Phase I of the Project entailed demolition of certain outer columns and support structures in order to construct improvements to the Main Building. Specifically, these improvements would be structures that linked newer building wings to the Main Building. During the course of the demolition of the outer support structures, portions of the main school building not designated for demolition, including large parts of the west wall and second story floor, collapsed.

Regarding Phase II of the Project, it was discovered in the course of construction of additions and renovations to the textbook storage building and band hall that the walls and support systems would have to be entirely demolished and rebuilt for stability purposes, essentially requiring that the buildings be re-constructed from the foundation up.

Post-delivery of the Phase I Project to Plaintiff, the basement floor exhibited infiltration of water requiring changes to the initial specifications and a major overhaul to

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-5149-14-H

the flooring.

## V.
## Breach of Contract

Plaintiff realleges and incorporates each material allegation contained in Paragraphs I through IV of this Petition as if fully set forth herein.   Defendants breached their respective construction project contracts with Plaintiff by failing to perform the work as contemplated, or performing the work in a sub-standard manner that caused damage to Plaintiff's property.    The respective contracts were supported by consideration, were never repudiated by any party to them, and all conditions precedent to their enforcement have occurred.    Plaintiff incurred damages from the respective breaches of contract by having to incur expenses to repair, redesign, and replace the damaged buildings.   For these damages, Plaintiff seeks redress from this Court.

## VI.
## Negligence

Plaintiff realleges and incorporates each material allegation contained in Paragraphs I through V of this Petition as if fully set forth herein.   The Descon Defendants were negligent in the following ways:  planning and/or execution of the demolition portion of Phase I of the Project, resulting in the toppling of large portions of the west wall and second story floor and damaging the east wall and failing to follow the specifications and product installation conditions for the basement floor. This negligence on the part of the Descon Defendants included, but was not limited to, failure to

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-5149-14-H

adequately inspect and test the structures and site beforehand and failure to use appropriate demolition means and methods.

Defendant ERO was negligent in one or more of the following ways: failing to undertake a more thorough investigation and determination of the structural integrity and conditions of the facilities; failure to advise Plaintiff during the design phases of Project of ERO's lack of sufficient information to design and specify the Project; and advising Plaintiff to proceed with bidding the Projects in spite of insufficient plans and specifications. Negligence on the part of Defendant ERO also included, but was not limited to, failure to adequately inspect and test the structures, failure to require and review a submittal for proper demolition means and methods, and failure to design improvements/additions to the existing structures which would have been appropriate and feasible.

ERO's negligence in its advice to Plaintiff and its negligent design, combined with Descon's negligence, resulted in the toppling of large portions of the west wall and second story floor of the main classroom building, the moisture infiltration to the basement floor and the additional cost of completion of the textbook storage facility and band hall.

Defendants collectively owed a duty of care to plan and perform the demolition in a manner that would not result in the destruction of the District's property that was not scheduled for demolition, and to recommend and design additions and renovations that were appropriate for existing structures at the Memorial Middle School campus. Defendants breached this duty, proximately causing damages to Plaintiff.

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-5149-14-H

Plaintiff has suffered injury in that costs to clean up, redesign, and rebuild the structures were incurred. For these damages, Plaintiff seeks redress from this Court. The Certificate of Merit of Bradford Russell, AIA, Architect, detailing the specific acts of negligence of Defendant ERO, is attached herein as Exhibit "A," and incorporated for all purposes.

## VII.
### Negligent Misrepresentation

Plaintiff realleges and incorporates each material allegation contained in Paragraphs I through VI of this Petition as if fully set forth herein. Plaintiff brings this action for common law misrepresentation against Defendant ERO. Defendant ERO provided false information to Plaintiff in the course of Defendant's business. ERO failed to exercise reasonable care or competence in obtaining and communicating, and Plaintiff justifiably relied on, the information, with damages to Plaintiff proximately resulting from said reliance. Specifically, Defendant ERO represented to Plaintiff that the improvements in the form of renovations and additions that ERO recommended and designed would be appropriate for the existing structures at the Memorial Middle School campus, and could be feasibly completed as planned without foreseeable damage to existing structures, and without necessitating demolition and rebuilding of portions of structures not designated for demolition/rebuilding.

Plaintiff justifiably relied upon the representations of ERO in making its decision to approve the improvements, based upon ERO's professional credentials, and thereby suffered damages when it was discovered that the improvements recommended and

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-5149-14-H

designed by Defendant ERO were not appropriate for the existing structures and could not be completed without excess destruction and rebuilding far beyond what was originally contemplated.

## VIII.
### Gross Negligence

Plaintiff further alleges that the acts and omissions of Defendant ERO constituted gross negligence, in that these acts or omissions, when viewed objectively from ERO's standpoint at the time of the occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, which ERO had actual subjective awareness of the degree of risk involved, but proceeded with conscious indifference to the rights, safety, and welfare of others.   Pleading more specifically, Defendant ERO recommended and designed improvements in the form of renovations and additions to existing structures at the District's Memorial Middle School campus when it had actual, subjective knowledge that no renovations or additions should be contemplated because of inherent problems with the structures, yet nevertheless proceeded to recommend and design these improvements with a conscious disregard of the possibility of catastrophic accidents causing extreme property damage and/or potential injury and loss of life.

## IX.
### Limitations/Repose

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-5149-14-H

Plaintiff, being a school district, alleges that none of the causes of action pled herein are barred by limitations by operation of Tex. Civ. Prac. & Rem. Code, § 16.061.

Further, Plaintiff alleges that the Statute of Repose found in Tex. Civ. Prac. & Rem. Code § 16.008 does not bar its claim against Defendant ERO, who designed or planned the improvements on the Project, as Plaintiff has filed suit within ten years of the beginning of the operation of the equipment at the Project site.

Further, Plaintiff alleges that the Statute of Repose found in Tex. Civ. Prac. & Rem. Code § 16.009 does not bar its claim against the Descon Defendants, who constructed or repaired improvements in the course of the Project, as Plaintiff filed suit within ten years of the substantial completion of the improvements (i.e., renovations and additions to the buildings in question).

## X.
## Resulting Legal Damages

Plaintiff is entitled to the actual damages proximately resulting from the Defendants' actions and omissions.  Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court resulting from the Defendant's acts and/or omissions.   Plaintiff is also entitled to recover exemplary damages pursuant to Chapter 41 of the Texas Civil Practice & Remedies Code for the actions of Defendant ERO which constitute gross negligence.

## XI.
## Jury Demand

Plaintiff demands a trial by jury and tenders the appropriate fee with this Petition.

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-5149-14-H

## XII.
### Prayer

WHEREFORE, Plaintiff requests that the Defendants be cited to appear and answer, and that on final hearing, Plaintiff recover from Defendants, jointly and severally:

1. Damages against Defendant in an amount exceeding the minimum jurisdictional limits of this Court, plus accrued interest from the date on which the claim accrued to the date of judgment;

2. Exemplary damages;

3. Attorney's fees in a reasonable sum as the Court may award;

4. Costs of suit, and pre and post judgment interest;

5. In the event of an appeal to the court of appeals, additional reasonable attorney's fee; in the event of granting of writ to the Supreme Court, additional reasonable attorney's fees.

6. Such other and further relief to which Plaintiff may be justly entitled at law or in equity.


Respectfully Submitted,

THE J. RAMIREZ LAW FIRM
Attorneys at Law
Ebony Park, Suite B
700 North Veterans Boulevard
San Juan, Texas 78589
(956) 502-5424
(956) 502-5007


By: _____
JESUS RAMIREZ

Electronically Filed
5/14/2014 2:19:51 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

C-5149-14-H

SBN  16501950
Email:  ramirezbook@gmail.com
Attorney for Plaintiff
ROBERT SCHELL
SBN 24007992
Email:  robert_schell@hotmail.com
ATTORNEYS FOR PHARR
SAN JUAN ALAMO I.S.D.

# Exhibit "B"

Electronically Filed
3/30/2015 10:36:15 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

CAUSE NO. C-5149-14-H

| | | |
|---|---|---|
| PHARR SAN JUAN ALAMO | § | IN THE DISTRICT COURT |
| INDEPENDENT SCHOOL DISTRICT | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | 389TH JUDICIAL DISTRICT |
| | § | |
| TEXAS DESCON, L.P., DESCON 4S, | § | |
| L.L.C. and ERO INTERNATIONAL, L.L.P. | § | |
| D/BA ERO ARCHITECTS | § | |
| *Plaintiff* | § | HIDALGO COUNTY, TEXAS |

## DEFENDANTS' THIRD-PARTY PETITION

COME NOW Defendants, Texas Descon, L.P. and Descon 4S, L.L.C. ("Defendants"), in the above-styled and numbered cause, and files this Third-Party Petition in accordance with Texas Rule of Civil Procedure 38 and would respectfully show unto the Court the following:

1.     Defendants file this Third-Party Petition against the following Third-Party Defendants:

a.     McAllen Carpet & Interiors, L.P., is a limited partnership which may be served with process through its registered agent, GJ Reyna, at 1200 E. Jasmin Avenue, McAllen, Texas 78501, or anywhere else he may be found.

b.     Chacho's Recycling is an unincorporated business association located in Hidalgo County, Texas. Defendant Chacho's Recycling is being sued in its common or assumed name pursuant to TEX. R. CIV. P. 28. Defendant Chacho's Recycling can be served with process through its owner/authorized representative, Josh Hammer, at Route 31, Box 133 H-2, Pharr, Texas 78577, or anywhere else he may be found.

Electronically Filed
3/30/2015 10:36:15 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

c.     VCI Builders, Inc. is a Texas corporation which may be served with process through its registered agent, Jose Luis Arredondo, at 217 W. Nolana, Suite 24, McAllen, Texas 78504, or anywhere else he may be found.

2.     Venue is proper in Hidalgo County, Texas pursuant to Sections 15.002 and 15.062 of the Texas Civil Practice and Remedies Code.

3.     Although Defendants are unaware of what damages it will incur, if any. However, for purposes of pleading under Rule 47 of the Texas Rules of Civil Procedure, Defendants seeks monetary relief over $200,000 but not more than $1,000,000. Damages sought are within the jurisdictional limits of the Court.

4.     Plaintiff, Pharr San Juan Alamo Independent School District ("PSJA"), filed suit against Defendants alleging breach of contract, negligence, negligent misrepresentation, and gross negligence against Defendants in connection with Defendants' work on PSJA's Memorial Middle School campus (the "Project"). PSJA alleges that Defendants' caused damage during the demolition phase and improperly installed flooring.

5.     Defendants contracted with McAllen Carpet & Interiors, L.P. to provide flooring of the existing structures at the Project site.

6.     Defendants deny and continue to deny PSJA's allegations related to the flooring. However, in the unlikely event Defendants are found held liable for and of PSJA's alleged damages, Defendants contend that such damages were proximately caused by McAllen Carpet & Interiors, L.P.

7.     Further, Defendants contracted with Chacho's Recycling and VCI Builders, Inc. to provide demolition of the existing structures at the Project site.

2

Electronically Filed
3/30/2015 10:38:15 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

8.      Defendants deny and continue to deny PSJA's allegations related to the demolition. However, in the unlikely event Defendants are found held liable for and of PSJA's alleged damages, Defendants contend that such damages were proximately caused by

9.      Defendants incorporates by reference each of the factual allegations recited in the preceding paragraphs. There are valid, enforceable contracts between Defendants and the Third Party Defendants. In the unlikely event that Defendants are found to be liable to PSJA, Defendants assert that Third Party Defendants materially breached the contracts with Defendants by their acts and omissions, resulting in damages.

10.     In the unlikely event that Defendants are found to be liable to PSJA, Defendants assert that the Third Party Defendants are liable to it for contribution for any damages owed or paid by Defendants to PSJA. Specifically, Defendants assert that it has not caused damages to PSJA, but if judgment is rendered that any damages were proximately caused by Defendants, then Defendants asserts that such damages were caused by the acts and omissions of the Third Party Defendants. Therefore, Defendants request that any damages awarded against it be reimbursed by the Third Party Defendants in this action in accordance with Chapter 33 of the Texas Civil Practice and Remedies Code.

11.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants request that Third Party Defendants disclose, within 50 days of service of this request, the information and material described in Rule 194.2(a)-(l).

WHEREFORE, PREMISES CONSIDERED, Defendants Texas Descon, L.P. and Descon 4S, L.L.C. request judgment and relief from the Third Party Defendants, McAllen Carpet & Interiors, L.P., Chacho's Recycling and VCI Builders, Inc. for the above causes of action and for such other relief to which Defendants may be justly entitled in law and in equity.

3

Electronically Filed
3/30/2015 10:36:15 PM
Hidalgo County District Clerks
Reviewed By: Priscilla Rivas

Respectfully submitted,

THE HUDGINS LAW FIRM
A PROFESSIONAL CORPORATION

By:    /s/ Spencer Edwards
       Spencer Edwards
       State Bar Number 90001513
       sedwards@hudgins-law.com
       24 Greenway Plaza, Suite 2000
       Houston, Texas 77046
       Telephone (713) 623-2550
       Facsimile  (713) 623-2793

       ATTORNEY FOR DEFENDANTS TEXAS
       DESCON, LP AND DESCON, 4S, L.L.C.

## CERTIFICATE OF SERVICE

I certify that the foregoing *Defendants' Third Party Petition* was served on the following counsel:

Jesus Ramirez
Attorney at Law
700 Veterans Blvd., Suite B
San Juan, Texas  78589

David P. Benjamin
Benjamin, Vana, Martinez & Biggs, LLP
2161 NW Military Highway, Suite 111
San Antonio, Texas  78213

Sara Whittington May
Allensworth & Porter, LLP
100 N. Congress Avenue, Suite 100
Austin, Texas  78701

via e-filing on the 30th of March, 2015 and via facsimile on the 31st day of March 2015.

       /s/ Spencer Edwards
       Spencer Edwards

4

# Exhibit "C"

# THE AMERICAN INSTITUTE OF ARCHITECTS



AIA Document A401

# SUBCONTRACT
## Standard Form of Agreement Between Contractor and Subcontractor
## 1978 EDITION

Use with the latest edition of the appropriate AIA Documents as follows:

A101, Owner-Contractor Agreement--Stipulated Sum
A107, Abbreviated Owner-Contractor Agreement with General Conditions
A111, Owner-Contractor Agreement — Cost plus Fee
A201, General Conditions of the Contract for Construction.

*THIS DOCUMENT HAS IMPORTANT LEGAL CONSEQUENCES; CONSULTATION WITH AN ATTORNEY IS ENCOURAGED WITH RESPECT TO ITS COMPLETION OR MODIFICATION*

This document has been approved and endorsed by the American Subcontractors Association and the Associated Specialty Contractors, Inc.

## AGREEMENT NO. 10-026-02050

made as of the **TWENTIETH** day of **JANUARY** in the year **TWO THOUSAND ELEVEN**

**BETWEEN** the Contractor: **TEXAS DESCON, L.P.**
P.O. Box 3547
McAllen, Texas 78502

and the Subcontractor: **VCI Builders**
P.O. Box 4637
Mission, TX 78573

The Project: **PSJA T-Stem Early College High School Additions and Renovations**
**Pharr, Texas**

The Owner: **Pharr, San Juan, Alamo Independent School District**
P.O. Box 1150
Pharr, TX 78577

The Architect: **ERO, International, L.L.P.**
300 South 8th Street
McAllen, TX 78501

The Contractor and Subcontractor agree as set forth below.

Copyright 1915, 1925, 1937, 1951, 1958, 1961, 1963, 1966, 1972, 1978 by the American Institute of Architects, 1935 New York Avenue, N.W., Washington, D.C. 20006. Reproduction of the material herein or substantial quotation of its provisions without permission of the AIA violates the copyright laws of the United States and will be subject to legal prosecution.

## ARTICLE 1
## THE CONTRACT DOCUMENTS

1.1  The Contract Documents for this Subcontract consist of this Agreement and any Exhibits attached hereto, the Agreement between the Owner and Contractor dated as of **5/4/2010**, the Conditions of the Contract between the Owner and Contractor (General, Supplementary and other Conditions), the Drawings, the Specifications, all Addenda issued prior to and all Modifications issued after execution of the Agreement between the Owner and Contractor and agreed upon by the parties to this Subcontract. These form the Sub-contract, and are as fully a part of the Subcontract as if attached to this Agreement or repeated herein.

1.2  Copies of the above documents which are applicable to the Work under this Subcontract shall be furnished to the Subcontractor upon his request. An enumeration of the applicable Contract Documents appears in Article 15.

## ARTICLE 2
## THE WORK

2.1  The Subcontractor shall perform all the Work required by the Contract Documents for
*(Here insert a precise description of the Work covered by this Subcontract and refer to numbers of Drawings and pages of Specifications including Addenda, Modifications and accepted Alternates.)*
Furnish all labor, materials, equipment and insurance as required for the complete installation of, including, but not limited to: DIVISION 0 – Introductory Information, Bidding Requirements, and Contract Requirements; Division 1 - GENERAL REQUIREMENTS; and DIVISION 2 - SITE CONSTRUCTION, Section 024100 - Demolition, to include select demolition of the existing building that has collapsed, by removing existing brick walls in the north and south side of East side of the Main Building in the last column section; Remove all collapsed concrete roof and floor slab of the main building; and including sawcutting excess 2nd floor and roof floors concrete flush with existing concrete beams. All debris shall be set aside on the north  south side of the buildings; as per the plans and specifications entitled "PSJA T-Stem Early College High School Additions and Renovations, Pharr, Texas," plans are dated February 24, 2010 and specs are dated March 5, 2010, including Addenda 1 thru 4, and the Base Bid and Alternate No.1 – Generator and Transfer Switch.

## ARTICLE 3
## TIME OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

3.1  The Work to be performed under this Subcontract shall be commenced As per Schedule and, subject to authorized adjustments, shall be substantially completed not later than as per schedule.
*Here insert the specific provisions that are applicable to this Subcontract including any information pertaining to notice to proceed or other method of modification for commencement of Work, starting and completion dates, or duration, and any provisions for liquidated damages relating to failure to complete on time.)*
Required by the General Contractor. This Subcontractor is aware that the General Contractor has a time limit contract and will coordinate his work in such a way so as not to delay the General Contractor in meeting his time schedules. Any delay directly related to this Subcontractor causing the imposition of liquidated damages upon the General Contractor on behalf of the Owner will accordingly be imposed upon this Subcontractor.

3.2  Time is of the essence of this Subcontract.

3.3  No extension of time will be valid without the Contractor's written consent after claim made by the Subcontractor in accordance with Paragraph 11.10.

3.4  See attached **EXHIBIT ONE**

## ARTICLE 4
## THE CONTRACT SUM

4.1  The Contractor shall pay the Subcontractor in current funds for the performance of the Work, subject to additions and deductions authorized pursuant to Paragraph 11.9, the Contract Sum of
**TWENTY-SEVEN THOUSAND -------------------------------dollars ($27,000.00)**
The Contract Sum is determined as follows:
*(State here the base bid or other lump sum amount, accepted alternates, and unit prices, as applicable.)*

Select Demolition of existing building, including brick veneer, demolition of collapsed concrete roo     $27,000.00
floor slab and brick veneer.

**Please provide a breakdown of work to be performed (Schedule of Values or Continuation Sheet - SEE EXHIBIT TWO) as soon as possible broken down by area/wing.**

## ARTICLE 5
## PROGRESS PAYMENTS

**5.1** The Contractor shall pay the Subcontractor monthly progress payments in accordance with Paragraph 12.4 of this Subcontract.

**5.2** Applications for monthly progress payments shall be in writing and in accordance with Paragraph 11.8, shall state the estimated percentage of the Work in this Subcontract that has been satisfactorily completed and shall be submitted to the Contractor on or before the Twenty-Fifth (25th) day of each month.

PLEASE REFER TO SAMPLE APPLICATION AND CERTIFICATE FOR PAYMENT - **EXHIBIT THREE**

*(Here insert details on (1) payment procedures and date of monthly applications, or other procedure if on other than a monthly basis, (2) the basis on which payment will be made on account of materials and equipment suitably stored at the site or other location agreed upon in writing, and (3) any provisions consistent with the Contract Documents for limiting or reducing the amount retained after the Work reaches a certain stage of completion.)*

Upon receipt of Acceptable Waivers of Lien from both the Subcontractor and any/all Suppliers and/or Subcontractors; the General Contractor agrees to pay the Subcontractor his approved monthly progress payment less **FIVE PERCENT (5%)** within five (5) days after the General Contractor receives payment from the Owner. This supersedes any other provision in the Contract.

**5.3** When the Subcontractor's Work or a designated portion thereof is Substantially complete and in accordance with the Contract Documents, the Contractor shall, upon application by the Subcontractor, make prompt application for payment of such Work. Within thirty days following issuance by the Architect of the Certificate for Payment covering such substantially completed Work, the Contractor shall, to the full extent provided in the Contract Documents, make payment to the Subcontractor of the entire unpaid balance of the Contract Sum or of that portion of the Contract Sum attributable to the substantially completed Work, less any portion of the funds for the Subcontractor's Work withheld in accordance with the Certificate to cover costs of items to be completed or corrected by the Subcontractor.

*(Delete the above Paragraph if the Contract Documents do not provide for, and the Subcontractor agrees to forego, release of retainage for the Subcontractor's Work prior to completion of the entire Project.)*

**5.4** Progress payments or final payment due and unpaid under this Subcontract shall bear interest from the date payment is due at the rate entered below or, in the absence thereof, at the legal rate prevailing at the place of the Project.
*(Here insert any rate of interest agreed upon.)*

*(Usury laws and requirements under the Federal Truth in Lending Act, similar state and local consumer credit laws and other regulations at the Owner's, Contractor's and Subcontractor's principal places of business, the location of the Project and elsewhere may affect the validity of this provision. Specific legal advice should be obtained with respect to deletion, modification, or other requirements such as written disclosures or waivers.)*

## ARTICLE 6
## FINAL PAYMENT

**6.1** Final payment, constituting the entire unpaid balance of the Contract Sum, shall be due when the Work described in this Subcontract is fully completed and performed in accordance with the Contract Documents and is satisfactory to the Architect, and shall be payable as follows, in accordance with Article 5 and with Paragraph 12.4 of this Subcontract:

*(Here insert the relevant conditions under which, or time in which, final payment will become payable.)*
This Subcontractor will be due the final payment in his Contract when the Owner has issued a Certificate of Substantial Completion and the Owner has released the final payment. This supersedes any other provisions in this Contract.

**6.2** Before issuance of the final payment, the Subcontractor, if required, shall submit evidence satisfactory to the Contractor that all payrolls, bills for materials and equipment, and all known indebtedness connected with the Subcontractor's Work have been satisfied.

## ARTICLE 7
## PERFORMANCE BOND AND LABOR AND MATERIAL PAYMENT BOND
*(Here insert any requirement for the furnishing of bonds by the Subcontractor.)*

None

## ARTICLE 8
### TEMPORARY FACILITIES AND SERVICES

8.1   Unless otherwise provided in this Subcontract, the Contractor shall furnish and make available at no cost to the Subcontractor the following temporary facilities and services:
The General Contractor shall provide temporary electrical service at a central location. No other services will be provided by the General Contractor. This Subcontractor is responsible for clean up, haul-off, and/or removal from the site any trash, debris, or waste resulting from the performance of this subcontract on a daily basis. Should the General Contractor be required to perform this service, this Subcontractor will be appropriately back charged an appropriate amount to cover the cost of this service.

## ARTICLE 9
### INSURANCE

9.1   Prior to starting work, the Subcontractor shall obtain the required insurance from a responsible insurer, and shall furnish satisfactory evidence to the Contractor that the Subcontractor has complied with the requirements of this Article 9. Similarly, the Contractor shall furnish to the Subcontractor satisfactory evidence of insurance required of the Contractor by the Contract Documents.

9.2   The Subcontractor will furnish the General Contractor with a Certificate of Comprehensive, General Liability, and Worker's Compensation Insurance prior to commencing work on this project. TEXAS DESCON, L.P. shall be included as an additional named insured and provide Waiver of Subrogation.   General Liability shall be "A-7" rated or better and have a coverage of no less than two million dollars ($2,000,000.00).   No payments will be approved for this Subcontractor without these documents having been issued to the General Contractor. The Certificate of Insurance shall be in the name of the Subcontractor as the Insured, as per the attached form. The insurance provided by the insurance will be primary to any insurance of TEXAS DESCON, L.P.

**\*SEE EXHIBITS FOUR AND FIVE AS PART OF THE CONTRACT DOCUMENTS.**

## ARTICLE 10
### WORKING CONDITIONS

*(Here insert any applicable arrangements concerning working conditions and labor matters for the Project.)*

10.1  The Subcontractor is responsible for safety inspections as defined in OSHA and other state and federal, and TEXAS DESCON, L.P.'s safety policy for all workmen and equipment used to comply with this contract. If TEXAS DESCON, L.P. is fined due to the failure of this Subcontractor to perform his portion of work in compliance with the O.S.H.A. Regulations, TEXAS DESCON, L.P. shall be reimbursed the dollar amount of the fine by deducting same from the next draw due this Subcontractor.

10.2  The Subcontractor is responsible for performing his work in compliance with approved and accepted methods and practices as outlined by the City of **Pharr, Hidalgo County, TEXAS** and all applicable building codes and regulations affecting or governing the construction of this project.

TEXAS DESCON, L.P. will not be responsible for **VCI Builders'** means, methods, techniques, sequences of procedures of construction, or the safety precautions and programs incident thereto, and TEXAS DESCON, L.P. will not be responsible for  **VCI Builders'** failure to perform the work in accordance with the contract documents.  **VCI Builders** will be solely responsible for the safety of its employees and subcontractors. Nothing here will create any duty on the part of TEXAS DESCON, L.P. for safety.

10.3  This Subcontractor must be approved and licensed to perform the work as outlined in the Contract Documents for this project at this specific project location

## GENERAL CONDITIONS

### ARTICLE 11
### SUBCONTRACTOR

#### 11.1  RIGHTS AND RESPONSIBILITIES

**11.1.1**  The Subcontractor shall be bound to the Contractor by the terms of this Agreement and, to the extent that provisions of the Contract Documents between the Owner and Contractor apply to the Work of the Subcontractor as defined in this Agreement, the Subcontractor shall assume toward the Contractor all the obligations and responsibilities which the Contractor, by those Documents, assumes toward the Owner and the Architect, and shall have the benefit of all rights, remedies and redress against the Contractor which the Contractor, by those Documents, has against the Owner, insofar as applicable to this Subcontract, provided that where any provision of the Contract Documents between the Owner and Contractor is inconsistent with any provision of this Agreement, this Agreement shall govern.

**11.1.2**  The Subcontractor shall not assign this subcontract without the written consent of the Contractor, nor subcontract the whole of this Subcontract without the written consent of the Contractor, nor further subcontract portions of this Subcontract without written notification to the Contractor when such notification is requested by the Contractor. The Subcontractor shall not assign any amounts due or to become due under this Subcontract without written notice to the Contractor.

#### 11.2  EXECUTION AND PROGRESS OF THE WORK

**11.2.1**  The Subcontractor agrees that the Contractor's equipment will be available to the Subcontractor only at the Contractor's discretion and on mutually satisfactory terms.

**11.2.2**  The Subcontractor shall cooperate with the Contractor in scheduling and performing his Work to avoid conflict or interference with the work of others.

**11.2.3**  The Subcontractor shall promptly submit shop drawings and samples required in order to perform his Work efficiently, expeditiously and in a manner that will not cause delay in the progress of the Work of the Contractor or other subcontractors.

**11.2.4**  The Subcontractor shall furnish periodic progress reports on the Work as mutually agreed, including information on the status of materials and equipment under this Subcontract which may be in the course of preparation or manufacture.

**11.2.5**  The Subcontractor agrees that all Work shall be done subject to the final approval of the Architect. The Architect's decisions in matters relating to artistic effect shall be final if consistent with the intent of the Contract Documents.

**11.2.6**  The Subcontractor shall pay for all materials, equipment and labor used in, or in connection with, the performance of this Subcontract through the period covered by previous payments received from the Contractor, and shall furnish satisfactory evidence, when requested by the Contractor, to verify compliance with the above requirements.

#### 11.3  LAWS, PERMITS, FEES AND NOTICES

**11.3.1**  The Subcontractor shall give all notices and comply with all laws, ordinances, rules, regulations and orders of any public authority bearing on the performance of the Work under this Subcontract. The Subcontractor shall secure and pay for all permits and governmental fees, licenses and inspections necessary for the proper execution and completion of the Subcontractor's Work, the furnishing of which is required of the Contractor by the Contract Documents.

**11.3.2**  The Subcontractor shall comply with Federal, State and local tax laws, social security acts, unemployment compensation acts and workers' or workmen's compensation acts insofar as applicable to the performance of this Subcontract.

#### 11.4  WORK OF OTHERS

**11.4.1**  In carrying out his Work, the Subcontractor shall take necessary precautions to protect properly the finished work of other trades from damage caused by his operations.

**11.4.2**  The Subcontractor shall cooperate with the Contractor and other subcontractors whose work might interfere with the Subcontractor's Work, and shall participate in the preparation of coordinated drawings in areas of congestion as required by the Contract Documents, specifically noting and advising the Contractor of any such interference.

#### 11.5  SAFETY PRECAUTIONS AND PROCEDURES

**11.5.1**  The Subcontractor shall take all reasonable safety precautions with respect to his Work, shall comply with all safety measures initiated by the Contractor and with all applicable laws, ordinances, rules, regulations and orders of any public authority for the safety of persons or property in accordance with the requirements of the Contract Documents. The Subcontractor shall report within three days to the Contractor any injury to any of the Subcontractor's employees at the site.

#### 11.6  CLEANING UP

**11.6.1**  The Subcontractor shall at all times keep the premises free from accumulation of waste materials or rubbish arising out of the operations of this Subcontract. Unless otherwise provided, the Subcontractor shall not be held responsible for unclean conditions caused by other contractors or subcontractors.

**11.6.2**  Please direct your attention to Article 8 of this subcontract, which refers to clean up and removal of debris from job site. Be advised that we will not notify subcontractors in writing before proceeding with our own cleaning crews and you will be back charged for these services.

#### 11.7  WARRANTY

**11.7.1**  The Subcontractor warrants to the Owner, the Architect and the Contractor that all materials and equipment furnished shall be new unless otherwise specified, and that all Work under this Subcontract shall be of good quality, free from faults and defects and in conformance with the Contract Documents. All Work not conforming to these requirements, including substitutions not properly approved and authorized, may be considered defective. The warranty provided in this Paragraph 11.7 shall be in addition to and not in limitation of any other warranty or remedy required by law or by the Contract Documents.

#### 11.8  APPLICATIONS FOR PAYMENT

**11.8.1**  The Subcontractor shall submit to the Contractor applications for payment at such times as stipulated in Article 5 to enable the Contractor to apply for payment.

**11.8.2**  If payments are made on the valuation of Work done, the Subcontractor shall, before the first application, submit to the Contractor a schedule of values of the various parts of the Work aggregating the total sum of this Subcontract, made out in such detail as the Subcontractor and Contractor may agree upon or as required by the Owner, and supported by such evidence as to its correctness as the Contractor may direct. This schedule, when approved by the Contractor, shall be used only as a basis for Applications for Payment, unless it is found to be in error. In applying

for payment, the Subcontractor shall submit a statement based upon this schedule.

**11.8.3** If payments are made on account of materials or equipment not incorporated in the Work but delivered and suitably stored at the site or at some other location agreed upon in writing, such payments shall be in accordance with the Terms and Conditions of the Contract Documents.

**11.9 CHANGES IN THE WORK**

**11.9.1** The Subcontractor may be ordered in writing by the Contractor, without invalidating this Subcontract, to make changes in the Work within the general scope of this Subcontract consisting of additions, deletions or other revisions, the Contract Sum and the Contract Time being adjusted accordingly. The Subcontractor, prior to the commencement of such changed or revised Work, shall submit promptly to the Contractor written copies of any claim for adjustment to the Contract Sum and Contract Time for such revised Work in a manner consistent with the Contract Documents.

**11.10 CLAIMS OF THE SUBCONTRACTOR**

**11.10.1** The Subcontractor shall make all claims promptly to the Contractor for additional cost, extensions of time, and damages for delays or other causes in accordance with the Contract Documents. Any such claim which will affect or become part of a claim which the Contractor is required to make under the Contract Documents within a specified time period or in a specified manner shall be made in sufficient time to permit the Contractor to satisfy the requirements of the Contract Documents. Such claims shall be received by the Contractor not less than two working days preceding the time by which the Contractor's claim must be made. Failure of the Subcontractor to make such a timely claim shall bind the Subcontractor to the same consequences as those to which the Contractor is bound.

**11.11 INDEMNIFICATION - SEE EXHIBIT SIX**

**11.12 SUBCONTRACTOR'S REMEDIES**

**11.12.1** If the Contractor does not pay the Subcontractor through no fault of the Subcontractor, within seven days from the time payment should be made as provided in Paragraph 12.4, the Subcontractor may, without prejudice to any other remedy he may have, upon seven additional days' written notice to the Contractor, stop his Work until payment of the amount owing has been received. The Contract Sum shall, by appropriate adjustment, be increased by the amount of the Subcontractor's reasonable costs of shutdown, delay and start-up.

**11.13** Any business use or acceptance of final payment by the Subcontractor waives all claims that were or could have been raised by the Subcontractor concerning the Project and payment for work performed on the Project.

**ARTICLE 12
CONTRACTOR**

**12.1 RIGHTS AND RESPONSIBILITIES**

**12.1.1** The Contractor shall be bound to the Subcontractor by the terms of this Agreement, and to the extent that provisions of the Contract Documents between the Owner and the Contractor apply to the Work of the Subcontractor as defined in this Agreement, the Contractor shall assume toward the Subcontractor all the obligations and responsibilities that the Owner, by those Documents, assumes toward the Contractor, and shall have the benefit of all rights, remedies and redress against the Subcontractor which the Owner, by those Documents, has against the Contractor. Where any provision of the Contract Documents between the Owner and the Contractor is inconsistent with any provisions of this Agreement, this Agreement shall govern.

**12.2 SERVICES PROVIDED BY THE CONTRACTOR**

**12.2.1** The Contractor shall cooperate with the Subcontractor in scheduling and performing his Work to avoid conflicts or interference in the Subcontractor's Work, and shall expedite written responses to submittals made by the Subcontractor in accordance with Paragraphs 11.2, 11.9 and 11.10. As soon as practicable after execution of this Agreement, the Contractor shall provide the Subcontractor a copy of the estimated progress schedule of the Contractor's entire Work which the Contractor has prepared and submitted for the Owner's and the Architect's information, together with such additional scheduling details as will enable the Subcontractor to plan and perform his Work properly. The Subcontractor shall be notified promptly of any subsequent changes in the progress schedule and the additional scheduling details.

**12.2.2** The Contractor shall provide suitable areas for storage of the Subcontractor's materials and equipment during the course of the Work. Any additional costs to the Subcontractor resulting from the relocation of such facilities at the direction of the Contractor shall be reimbursed by the Contractor.

**12.3 COMMUNICATIONS**

**12.3.1** The Contractor shall promptly notify the Subcontractor of all modifications to the Contract between the Owner and the Contractor which affect this Subcontract and which were issued or entered into subsequent to the execution of this Subcontract.

**12.3.2** The Contractor shall not give instructions or orders directly to employees or workmen of the Subcontractor except to persons designated as authorized representatives of the Subcontractor.

**12.4 PAYMENTS TO THE SUBCONTRACTOR**

**12.4.1** Unless otherwise provided in the Contract Documents, the Contractor shall pay the Subcontractor each progress payment and the final payment under this Subcontract within three working days after he receives payment from the Owner, except as provided in Subparagraph 12.4.3. The amount of each progress payment to the Subcontractor shall be the amount to which the Subcontractor is entitled, reflecting the percentage of completion allowed to the Contractor for the Work of this Subcontractor applied to the Contract Sum of this Subcontract, and the percentage actually retained, if any, from payments to the Contractor on account of such Subcontractor's Work, plus, to the extent permitted by the Contract Documents, the amount allowed for materials and equipment suitably stored by the Subcontractor, less the aggregate of previous payments to the Subcontractor.

**TEXAS DESCON, L.P.** retains the right, at its own discretion, to make joint payments to this subcontractor and its subcontractors and/or suppliers.

**12.4.2** The Contractor shall permit the Subcontractor to request directly from the Architect information regarding the percentages of completion or the amount certified on account of Work done by the Subcontractor.

**12.4.3** If the Architect does not issue a Certificate for Payment or the Contractor does not receive payment for any cause which is not the fault of the Subcontractor, the Contractor shall pay the Subcontractor, on demand, a progress payment computed as provided in Subparagraph 12.4.1 or the final payment as provided in Article 6.

**12.4.4** No certificate given by Owner, Architect or their agents, nor any payment to the Subcontractor made under this AGREEMENT shall be deemed conclusive evidence of the full or satisfactory performance of the work performed by the Subcontractor on the Project. No payment shall be considered an acceptance of deficient or substandard work or improper or defective materials.